**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DONALD RAY DAVIS | CRIMINAL ACTION NO. 02-50062 |
| | CIVIL ACTION NO. 04-1722 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | |

**MEMORANDUM RULING**

Before the Court is Donald Ray Davis' ("Davis") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [See Doc. No. 46]. Based on the following, Davis' motion is **DENIED.**

**BACKGROUND**

**A. Factual Background.**

On August 6, 2002, a confidential information ("CI") working with the Shreveport Police Department ("SPD") Drug Intervention Unit, purchased 5.8 grams of powder cocaine (5.6 grams net weight) from Davis. Three days later, on August 9, 2002, the CI purchased 8 grams of powder cocaine (7.9 grams net weight) from the defendant. After this transaction, SPD officers conducted a traffic stop and detained Davis for questioning.

Officers took Davis to his 3662 Greenbriar Drive residence in Shreveport and executed a search warrant. Tuanja Haley, Davis' girlfriend who had accompanied him on the August 6, 2002 purchase, was at the residence. Haley cooperated with the officers and advised that she and Davis lived there. She said Davis stored cocaine and money at the residence, and led agents to 901 grams of powder cocaine (836.74 grams net weight) and about 75 grams (69.34 grams net weight) of crack cocaine. During the search, agents

recovered cash, a floor safe, and a 9 mm pistol. Haley acknowledged that the weapon was hers but advised that David had access to it. According to Haley, the money found in the floor safe was derived from Davis' drug dealings.

Working on additional information provided by Haley, the agents secured a second search warrant at a home occupied by Davis and another girlfriend at 4261 St. Vincent Avenue. The agents recovered $1,300.00 at that residence.

On August 9, 2002, Davis, who was incarcerated at a institution in which inmate calls are monitored, called Haley and instructed her to retrieve money in DeSoto Parish. After hearing the conversation, the officers contacted Haley and obtained the money.

On August 22, 2002, Haley told officers that Davis had been selling about 2 kilograms of cocaine a month since January 2002. Haley admitted delivering cocaine for Davis on numerous occasions.

For sentencing purposes, the drug amounts were converted to marijuana equivalents. The net weight of the powder cocaine seized by law enforcement agents at Davis' home during the execution of the search warrant and as a result of the August 6 and August 9 buys made by Davis to the CI was 850.24 grams. The net weight of the crack cocaine seized was 69.34 grams. The 850.24 grams of power cocaine converted to 170.048 kilograms of marijuana, and the 69.34 grams of crack cocaine converted to 1,386.6 kilograms of marijuana.

Because Haley had stated that Davis had been selling 2 kilograms of cocaine each month since January 2002, and because Davis was arrested on August 9, the probation office used only 7 months in calculating the marijuana conversion for 14 kilograms of powder cocaine. This converted to an additional 2,800 kilograms of marijuana, for a grand total converted weight equivalent to 4,356.848 kilograms of marijuana.

The base offense level was increased by two points because of the gun in the residence. The presentence investigation report ("PSR") provided that although Haley claimed ownership of the gun, Davis had access to it.

At the sentencing hearing, Davis' attorney argued that although Davis admitted to the two transactions in August, the "government had no evidence against Davis other than Tuanja Haley." [Sentencing Tr. at 3]. The attorney argued that Haley's credibility was an issue, for in an attempt to obtain a less severe sentence, she had attributed all the drugs found in the house to Davis.

The government argued that Davis had pleaded guilty to a conspiracy involving over 500 grams, and thus had admitted to more than just the amount of drugs in the two August transactions. An officer involved in the case testified at the sentencing hearing.

This Court stated:

> From a credibility viewpoint, I see that Ms. Haley has already entered her guilty plea and has been sentenced. Whatever she may be doing to try to set aside or vacate that judgment appears to me to be overridden by the Defendant's personal exhibition of control over at least Ms. Haley with respect to the telephone call or calls made from the Caddo Correctional Center directing her to a stash of money. Clearly Ms. Haley was still under the direction and control of the Defendant. Clearly her testimony as to her ownership of the house, whose drugs they were, and the pattern of activity of this particular defendant is sufficient from a preponderance of the viewpoint to support that the residence and drugs were occupied or possessed by this particular defendant.

[Sentencing Tr. at 25]. This Court then sentenced Davis to 210 months of imprisonment.

**B. Procedural History.**

On August 28, 2002, a federal grand jury returned a five-count indictment charging Davis with drug-related offenses. [See Doc. No. 1]. On January 24, 2003, pursuant to a plea agreement, Davis pleaded guilty to a two-count bill of information. Count One of the bill of information charged Davis with conspiracy to distribute 500 grams or more of powder cocaine between January 2002 and August 14, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Two was a forfeiture count. [See Doc. Nos. 15-20].

On August 14, 2003, Davis was sentenced to 210 months imprisonment. [See Doc. No. 33]. The retained attorney representing Davis at trial filed a motion to withdraw, and another attorney was appointed to represent him on appeal. [See Doc. Nos. 38-41]. The appellate attorney filed an Anders brief. The appeal was dismissed as frivolous. The judgment was entered on April 6, 2004. [See Doc. No. 45].

**LAW AND ANALYSIS**

**A.     Ineffective Assistance Of Counsel.**

Davis contends that he was denied effective assistance of counsel. Specifically, he alleges that his counsel had in his possession a notarized affidavit executed by Haley in which she swore under oath that she had no knowledge of Davis using or dealing drugs. Davis contends that his counsel's failure to use this affidavit in an effort to impeach haley's credibility constituted ineffective assistance of counsel. Indeed, Davis goes so far as to accuse his counsel of legally counseling Haley and thereby operating under a conflict of interest.

To prevail on a claim of ineffective assistance of counsel, Davis must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The two prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n.6 (5th Cir. 1998); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). Further, if Davis fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

Davis argues that his trial counsel was ineffective because he failed to introduce an inconsistent affidavit executed by Haley in an attempt to impeach her credibility. The Court could very well have viewed Haley's prior affidavit that she had no knowledge of Davis'

doing or dealing drugs as an indication that Davis had tried to coerce or pressure her to lie for him, since Haley soon thereafter cooperated with the officers and admitted the drug activity. Indeed, the Court found that Davis exerted direction and control over Haley. Under those circumstances, the decision to not introduce the affidavit could have been strategic. Such decisions are considered with great deference. Strickland v. Washington, 104 S.Ct. at 2065-66; Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985). Even assuming that Davis could show that his trial counsel operated under a conflict of interest, he cannot establish that it adversely affected his performance. See Mickens v. Taylor, 122 S.Ct. 1237, 1243 (2002).

Davis also contends that his appellate counsel was ineffective on appeal. Pursuant to Anders v. California, 87 S.Ct. 1396 (1967), his appellate counsel filed a motion to withdraw and supporting brief, maintaining that the case presented no non-frivolous issues. After Davis' appellate counsel filed his Anders brief, the Fifth Circuit examined the proceedings and decided that there were no issues that were arguable on their merits and dismissed the appeal as frivolous. Appellate counsel are not required to present patently frivolous arguments on appeal, or even to present all non-frivolous points that could have been raised. See Williams v. Collins, 16 F.3d at 635.

The Court finds that Davis has failed to overcome the presumption that his attorneys' actions were encompassed within the wide range of reasonable competence and fell under the ambit of trial strategy. The Court also finds that Davis has failed to show that absent his attorneys' alleged errors, the result of the proceedings would have been different. Accordingly, his ineffective assistance of counsel claims are without merit.

**B.     Firearm Enhancement.**

Davis argues that the sentencing court made an erroneous factual determination and legal interpretation when it adopted the two point enhancement for possession of a firearm. However, "[c]hallenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995).  The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Davis "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for [his] procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991)(*citing* United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982)).

To establish "cause," Davis must show some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. Further, Davis may not raise any non-constitutional errors in his section 2255 motion unless he establishes that "the error could not have been raised on direct

appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (*citing* United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.1981)).

Davis has failed to show cause for his failure to file a direct appeal or actual prejudice resulting from his error. Moreover, he has not established that the alleged errors would result in a complete miscarriage of justice, as he has failed to prove his actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice).

Davis' allegation that the guidelines were not properly applied is not cognizable under Section 2255. In United States v. Vaugn, 955 F.2d 367 (5th Cir. 1992), the Fifth Circuit stated that a "district court's technical application of the Guidelines does not give rise to a constitutional issue."[1]

## C. Blakely/Booker.

Davis contends that pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), a sentencing enhancement must be found by a jury, not by the sentencing court. Accordingly, he also contests his two point enhancement on those grounds. However, the Blakely/Booker[2] line of cases do not apply retroactively to cases on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir.2005); In re Elwood, 408 F.3d 211, 212-13 (5th Cir.2005)(per curiam). Accordingly, Davis' claim has no merit.

---

[1] To the extent that Davis attempts to show that he was denied ineffective assistance of counsel in this regard, his argument fails since he admits that his trial counsel objected to the enhancement.

[2] United States v. Booker, 543 U.S.220, 125 S.Ct. 738 (2005).

**CONCLUSION**

The Court finds that Davis has failed to overcome the presumption that his attorneys' actions were encompassed within the wide range of reasonable competence and fell under the ambit of trial strategy. The Court also finds that Davis has failed to show that absent his attorneys' alleged errors, the result of the proceedings would have been different. Davis' remaining claims are not cognizable under Section 2255 or are without merit.

Therefore:

**IT IS ORDERED** that Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Doc. No. 46] is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 26th day of September, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE